# Exhibit A

**Plaintiff Proposed Scheduling Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BAYOU STEEL BD HOLDINGS, LLC, *et al.*,[1]<br><br>                       Debtors. | Chapter 7<br><br>Case No. 19-12153 (KBO)<br><br>(Jointly Administered) |
| GEORGE L. MILLER, in his capacity as Chapter 7 Trustee of BAYOU STEEL BD HOLDINGS, L.L.C., *et al*.,<br><br>                       Plaintiff,<br><br>vs.<br><br>BOBBY LASHLEY CORPORATION,<br><br>                       Defendant. | Adv. Proc. No. 21-50204 (KBO) |

## SCHEDULING ORDER

To promote the efficient and expeditious disposition of adversary proceedings, the following schedule shall apply to each of the above-captioned adversary proceedings.

**IT IS HEREBY ORDERED** that:

1. The discovery planning conference described in Fed. R. Civ. P. 26(f), made applicable by Fed. R. Bankr. P. 7026, shall be deemed to have taken place; provided, however, that the parties each reserve their rights regarding issues concerning electronic discovery.

2. The above-captioned adversary proceeding is assigned to mediation pursuant to Local Rule 9019-5.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Bayou Steel BD Holdings, L.L.C., a Delaware limited liability company (1984), BD Bayou Steel Investment, LLC, a Delaware limited liability company (1222), and BD LaPlace, LLC, a Delaware limited liability company (5783).

2

3.       Connor Bifferato, Esq. is appointed as the mediator in this adversary proceeding.  Mediation shall take place no later than October 31, 2021.  The Plaintiff shall pay the fees and costs of the mediator in this adversary proceeding in accordance with the Local Rules and General Orders of this Court.

4.       All formal discovery between the parties, including, but not limited to the service of initial disclosures under Fed. R. Civ. P. 26(a)(1), shall not be tolled and shall continue pending the mediation session, subject to the provisions of this Order.

5.       The parties shall provide the initial disclosures under Fed. R. Civ. P. 26(a)(1) no later than twenty (20) days after entry of this Order.  Any extension of the deadline to provide initial disclosures may be made by agreement of the parties or by order of the Court for good cause shown.

6.       All written fact discovery shall be completed no later October 1, 2021.

7.       Any expert reports by the Defendant shall be served on or before November 1, 2021.  Any expert rebuttal report by Plaintiff shall be served on or before December 1, 2021.  All reports shall provide the information required by Fed. R. Civ. P. 26(a)(2)(B).

8.       If this adversary proceeding is not settled through mediation, all fact and expert depositions shall be completed on or before January 31, 2022.

9.       All dispositive motions shall be filed and served by not later than thirty (30) days after the close of all discovery and shall be subject to Rule 7007-1 of the Local Rules.

10. The parties shall file, no later than three (3) business days prior to the date set for Trial, their Joint Pretrial Memorandum approved by all counsel and shall contemporaneously deliver two (2) copies thereof to Judge Owens's chambers.

11. As soon as is feasible after the close of all discovery, the Plaintiff shall contact the Court to schedule a final pretrial conference in accordance with Local Rule 7016-2(a).

12. The Plaintiff shall immediately notify Chambers upon the settlement, dismissal, or other resolution of any adversary proceeding subject to this Order and shall file with the Court appropriate evidence of such resolution as soon thereafter as is feasible. The Plaintiff shall file a status report sixty (60) days after the date of this Scheduling Order, each sixty (60) days thereafter, and thirty (30), twenty (20), and ten (10) days prior to trial, setting out the status of each unresolved adversary proceeding subject to this Order. Plaintiff shall immediately advise Chambers, in writing, of any occurrence or circumstance which Plaintiff believes may suggest or necessitate the adjournment or other modification of the trial setting.

13. Deadlines contained in this Scheduling Order may be extended by written agreement of the parties or upon written motion or stipulation for cause shown.

14. The Plaintiff shall serve this Scheduling Order on the Defendant in the above-captioned adversary proceedings within five (5) business days after the entry of this Order.